CLAUDE NOLAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27682. Promulgated June 28, 1929.

*J. M. Jordan, C. P. A.,* for the petitioner.
*A. H. Fast, Esq.,* for the respondent.

1234

**OPINION.**

Love: This case, as disclosed by the facts, is peculiar unto itself. Here we have a brother and sister left, by the death of their parents in early youth, with a small available estate. The brother, with commendable courage, felt and assumed the responsibility of caring for his sister. She, with implicit confidence in her brother, turned over to him the management and control of that estate. They did not claim to be, and were not partners. The sister's part of the estate was not loaned to the brother. There was no legal obligation cast upon the brother. There was only an equitable liability on him and the evidence discloses the fact that, at least in the early and critical years of the business, he more than met his equity obligations to his sister. See *L. F. Sunlin*, 6 B. T. A. 1232.

**1236**

In the later years, and involving the taxable years in this proceeding, each recognized the equity of the situation, and by agreement he was to be entitled to 75 per cent of the profits and she to 25 per cent; and the evidence is to the effect that it was so divided.

There is an allegation in the petition alleging that Mrs. Peterson made her income-tax returns for the years involved and included her part of the income from the automobile business in such return. There is no evidence in the record to substantiate that allegation. However, we deem it immaterial in this proceeding whether or not she so returned her part. According to the uncontroverted evidence, she got it, and it was delivered to her, not as interest, not as compensation for services, but as her part of the profits of the business, the part that belonged to her from its inception. That part of the income being hers, was never his, and hence he is not chargeable with more than three-fourths of the income derived from that automobile business. There appear to have been some minor features involved in the deficiencies asserted which were not contested or discussed at the hearing.

*Judgment will be entered under Rule 50.*